IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. 10-cr-30011-DRH

RODNEY BROOKS,

    Defendant.

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant Rodney Brooks' *pro se* "Motion to Leave 3582(c) Pursuant to Fed. R. Civ. Pro. Rule 15(a)" (Doc. 40). Defendant seeks a reduction in sentence due to Amendment 742 to the United States Sentencing Guidelines. Thus, it appears defendant seeks relief under 18 U.S.C. § 3582(c)(2), as it provides that a defendant sentenced to a term of imprisonment based on a sentencing range which the Sentencing Commission subsequently lowers may seek a recalculation of sentence. The Court construes defendant's motion as such. Based on the following, the Court dismisses defendant's motion for lack of jurisdiction.

## Background

On January 21, 2010, an indictment charged defendant with the offense of knowingly possessing a firearm after having been previously convicted in a court

of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1) (Doc. 1). On April 12, 2010, defendant pled guilty to this offense pursuant to a written plea agreement (Doc. 24). On August 13, 2010, the Court sentenced defendant to a term of 70 months imprisonment in the Federal Bureau of Prisons, to be followed by a 3 year term of supervised release (Doc. 33).

## Analysis

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). 18 U.S.C. § 3582 defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(C)(1)(B). Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added); *see United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999).

The Court finds defendant is not entitled to relief under Section 3582(c)(2). Defendant seeks a sentencing reduction based upon Amendment 742 to the United States Sentencing Guidelines, arguing this Amendment should apply to reduce his criminal history category. Points assessed under Section 4A1.1(e) are commonly referred to as "recency" points. Amendment 742, as stated in the 2010 Sentencing Guidelines Manual, eliminated the use of recency points in calculating a defendant's criminal history score under Section 4A1.1, effective November 1, 2010.

Section 1B1.10 of the United States Sentencing Guidelines is the relevant "policy statement" here. That section specifically and exhaustively lists amendments authorized retroactive application under Section 3582(c)(2). *See* U.S.S.G. § 1B1.10(c). It further provides, if an amendment is not listed in Section 1B1.10(c), a reduction in sentence is not authorized. *See* 1B1.10(a)(2)(A). Amendment 742 does not apply retroactively pursuant to Section 3582 because it is not included in 1B1.10(c)'s list of retroactively applicable amendments. As stated previously, the Court sentenced defendant on August 13, 2010. Amendment 742 became effective November 1, 2010. Amendment 742 does not apply retroactively. Thus, this Court is without jurisdiction to entertain defendant's motion as neither 18 U.S.C. § 3582 nor the amended U.S.S.G. § 4A1.1 provides a basis for modification of defendant's sentence. *See Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir. 1993) (declining to apply U.S.S.G. §

3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in Section 1B1.10(d)).

Accordingly, the Court dismisses for lack of jurisdiction defendant's motion for modification or reduction of sentence based upon Amendment 742 to the United States Sentencing Guidelines (Doc. 40).

**IT IS SO ORDERED.**

Signed this 4th day of November, 2011.

Digitally signed by David R. Herndon
Date: 2011.11.04 16:50:07 -05'00'

**Chief Judge**
**United States District Court**